MARJORIE MACDONALD v. DAVID NEIL O'DAY, A MINOR, BY OLIVER
A. FABICK, His Guardian *Ad Litem*, Appellant.—5 S. W. (2d)
374.

Division One, April 11, 1928.

858

*Oliver A. Fabick* for appellant.

GRAVES, P. J.—We are without brief in behalf of the respondent herein, and while appellant filed a brief, no oral argument was made. Appellant is the infant son of the respondent, who after the hearing of the original cause (an action to have construed the will of Henrietta Macdonald, deceased, the mother of plaintiff, Marjorie Macdonald), intermarried with one Neil O'Day.

The original suit was filed by Marjorie Macdonald on May 11, 1921, and the parties defendant therein were Minnie A. Maguire, Gail Whitaker (*nee* Maguire), Ruth Maguire, Lucile Maguire and Alice Maguire, alleged to be heirs at law of William A. Maguire, deceased. The part of the will sought to be construed (and which will enlighten this short statement of the original case), is as follows:

"(4) All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate, I give, devise and bequeath unto William A. Maguire, in trust, as trustee for my daughter, Marjorie Macdonald, my only child, upon the following trust, to-wit:

"To hold and administer said estate, to invest and reinvest the principal or the whole or part of the income thereof as to him, the said trustee, shall seem best and in his sole judgment and discretion, and to pay said income or as much thereof as to the trustee shall seem necessary to my said daughter for and during her natural life; except that if, in the judgment of said trustee, the income of said estate shall not be sufficient for the support of my said daughter, then he shall not be limited to said income, but may use all or part of the principal of said trust estate for the benefit of my said daughter.

"Upon the death of my said daughter said trust estate shall be equally divided among the children of my said daughter and their heirs, share and share alike, said heirs to take *per stirpes,* and said trust shall cease.

"If my said daughter should die, leaving her surviving no child, or child or children of a deceased child, then said trust estate shall go to and be equally distributed among her heirs."

It appears that the defendants duly and jointly answered in said cause, by which answer there was no serious conflict with plaintiff's claim. July 13, 1921, the court rendered the following decree in the action to construe the will:

"This cause coming on to be heard on plaintiff's petition and the joint answer of all the defendants filed herein, comes now plaintiff, Marjorie Macdonald, by her attorneys, Forest P. Tralles and Atkinson, Rombauer & Hill, and come also defendants, Minnie A. Maguire, executrix of the estate of William A. Maguire, deceased, Minnie A. Maguire, Gail Whitaker, Ruth Maguire, Lucille Maguire and Alice Maguire, all of the defendants herein, by Max Haas, their attorney, and the testimony being heard and the cause submitted, the court doth find as follows:

"1. That said defendants, Minnie A. Maguire, executrix of the estate of William A. Maguire, deceased, Minnie A. Maguire, Gail Whitaker, Ruth Maguire, Lucille Maguire and Alice Maguire, are all of the personal representatives and heirs at law of said William A. Maguire, deceased, and are all properly before the court, and the court has jurisdiction over the subject-matter of the suit and of all parties, plaintiff and defendants.

"2. That Henrietta Macdonald, deceased, by her last will and testament devised and bequeathed her entire residuary estate to William A. Maguire as trustee for Marjorie Macdonald, plaintiff herein, for the sole use and benefit of said Marjorie Macdonald during her lifetime, both principal and income having been made available for the needs of said beneficiary.

"3. That on the death of said Marjorie Macdonald said trust shall terminate and the corpus of said estate, if there be corpus remaining, shall be equally divided among the children and descendants of children of said Marjorie Macdonald, *per stirpes.*

"4. That in default of children or descendants of children of said Marjorie Macdonald, then on the death of said Marjorie Macdonald the remaining corpus of said estate, if any, shall be equally divided among the heirs of said Marjorie Macdonald.

"5. The court doth further find that said William A. Maguire, trustee, is dead, and that the present income from the corpus of said trust estate is sufficient for the present needs and requirements of said Marjorie Macdonald, plaintiff herein.

"Wherefore, it is by the court ordered, adjudged and decreed that National Bank of Commerce in St. Louis, a corporation, and Arthur Macheca be and they are hereby appointed successor trustee under the will of said Henrietta Macdonald, deceased, said appointment as

to said corporate trustee to be effective on the entering of this decree and as to said individual trustee to be effective on his furnishing a good and sufficient bond, to be approved by the court, in the sum of five thousand dollars ($5000).

"And it is by the court further ordered, adjudged and decreed that said trustees shall pay to said Marjorie Macdonald during her lifetime the entire income of said trust estate in quarterly installments, if practicable, this court retaining jurisdiction for the purpose of entertaining a petition for leave to change the form of the investments of the corpus from time to time, if by said trustees deemed expedient, and for the purpose of entertaining a petition for the sale of all or a part of the corpus of said trust estate for the benefit of said Marjorie Macdonald in event of future deficiency of income, and for general purposes.

"And the court doth order that said defendant, Minnie A. Maguire, executrix of William A. Maguire, deceased, account to said successor trustees for the assets in the hands of said deceased trustee at the time of his death, upon receipt of said successor trustees' receipt therefor, and that said executrix thereupon stand discharged."

Thus closes the first chapter of this lawsuit. Appellant in the statement of the case here gives further history as follows:

"After the entering of said decree and after the defendants turned the assets of said trust estate over to the successor trustees appointed by the court, all of the defendants mentioned in the aforesaid petition and answer dropped out of the cause.

"On September 20, 1922, September 6, 1923, and July 31, 1924, the successor trustees appointed by the court made reports to the court as to the condition of said trust estate, which were filed and approved.

"On October 4, 1924, the successor trustees appointed by the court filed their petition in the cause for an order to sell 583 shares of the capital stock of the St. Louis Terra Cotta Company for the sum of $83,595.48, payable in cash. The said petition alleged that said shares of stock were assets of said trust estate, and that the trustees deemed it advisable that said stock be sold for said sum. On the same day the court entered its order authorizing said trustees to sell said stock for the aforesaid sum and for cash.

"On November 12, 1924, the plaintiff filed in this cause her petition alleging that on June 30, 1923, she was married to Neil O'Day; that there was born of said marriage a son, David Neil O'Day, and that said David Neil O'Day on November 12, 1924, was six months of age and is interested as a remainderman in the trust estate created by the last will of Henrietta Macdonald, deceased, and that plaintiff is the life tenant of said trust estate. The said petition further alleges that among the assets of the estate of Henrietta Macdonald at

the time of her death were 437½ share of the capital stock of the St. Louis Terra Cotta Company; that at the time of the death of said Henrietta Macdonald the authorized capital stock of said corporation consisted of 2000 shares, of the par value of $100 each, of which 1500 shares were then issued and outstanding, and 500 shares were unissued; that at the date of the death of said Henrietta Macdonald there was a surplus in the treasury of said St. Louis Terra Cotta Company of $68,643.49; on December 31, 1919, said surplus was $88,388.89, and on December 31, 1920, said surplus was $157,321.45. Said petition further alleges that on April 5, 1921, the said St. Louis Terra Cotta Company declared a stock dividend of 33 1/3 per cent on its outstanding stock of 1500 shares, payable out of the surplus then in its treasury; that said stock dividend amounted in the aggregate to 500 shares of stock issued at its par value of $100 per share, or a total of $50,000. Said petition further alleges that the said trustees received 145 shares of said capital stock of said St. Louis Terra Cotta Company as a stock dividend on the said 437½ shares of said capital stock, owned by said Henrietta Macdonald, deceased, at the time of her death. Said petition then alleges the order of court obtained on October 4, 1924, as aforesaid, authorizing the said trustees to sell the 437½ shares of said stock, together with the 145 shares of said stock received as a stock dividend, for the sum of $83,595.48. Said petition further alleges that of the said sum of $83,595.48, the sum of $20,791 will represent the proceeds received by the said trustees for the 145 shares of said stock received by said trustees as a stock dividend. Said petition further alleges that said 145 shares of the capital stock of the St. Louis Terra Cotta Company received by said trustees as a stock dividend is income of said trust estate to which the plaintiff is entitled under the decree of court entered June 13, 1921, as aforesaid, and that the plaintiff is entitled to the proceeds of the sale of said stock dividend by said trustees. In said petition plaintiff prays for an order on said trustees to pay her the sum of $20,791 the proceeds of the sale of the said 145 shares of said stock, received by said trustees as a stock · dividend. In said petition plaintiff further alleges that her child, David Neil O'Day, a minor, is interested as a remaindman in the said trust estate created by Henrietta Macdonald, deceased, and plaintiff prays for an order, making said David Neil O'Day, a minor, a party defendant in said cause, and that a writ of summons be issued to him returnable to the December term, 1924, of said court, and that said writ with a copy of the original petition filed in this cause on May 11, 1921, and a copy of this petition, filed November 12, 1924, be served upon said David Neil O'Day.

"On November 12, 1924, the court ordered said David Neil O'Day, a minor, to be made a party defendant in said cause and that a writ.

of summons returnable to the December term, 1924, of said court be served upon said defendant, together with a copy of the original petition filed on May 11, 1921, and a copy of the petition filed on November 12, 1924. Defendant David Neil O'Day was duly served with said writ and copies of said petition on November 14, 1924.

"On December 4, 1924, Oliver A. Fabick was appointed by said court as guardian *ad litem* for said minor defendant, David Neil O'Day, and on December 5, 1924, said guardian *ad litem* filed in said cause his written consent to act as guardian *ad litem* for said minor defendant.

"On December 17, 1924, David Neil O'Day, a minor, through Oliver A. Fabick, his guardian *ad litem*, filed answer to plaintiff's petition filed November 12, 1924, the said answer alleging that the said 145 shares of the capital stock of the St. Louis Terra Cotta Company received by the said trustees as a stock dividend is corpus and not income of the said trust estate, and that said petition did not state facts sufficient to constitute the relief sought.

"On February 26, 1925, the said court, presided over by HON. J. HUGO GRIMM, then judge of Division No. 2 of said court, rendered its decree denying the relief and order sought by plaintiff in her petition filed November 12, 1924, and dismissed said petition.

"On March 2, 1925, the plaintiff filed her motion for a new trial on her petition filed November 12, 1924, and on April 16, 1925, the said court, presided over by HON. FRANKLIN MILLER, then judge of Division No. 2 of said court, sustained plaintiff's said motion for a new trial, assigning no grounds therefor."

The foregoing lends light as to the contention—whether properly so or not, is a matter for disposition. Evidence was introduced on the petition filed on November 12, 1924, by the plaintiff, then Marjorie O'Day, by reason of her marriage with Neil O'Day. This evidence will be noted in the course of the opinion, if necessary and proper. The infant, David Neil O'Day, through his guardian, is the sole appellant. The appeal is from an order granting a new trial to the plaintiff, Marjorie O'Day (*nee* Marjorie Macdonald), but of this status the opinion, if found necessary, will give in detail the facts. The foregoing is a rather full statement, and so made, because the court is wholly in the dark as to respondent's contention. In fact the court is left to brief this side of the case.

I. It will be noticed that the successor trustees to William A. Maguire, deceased, the original trustee named in the will, have abided the last judgment *nisi*. The heirs of Maguire, defendants in the proceeding to construe the will, as we have previously stated, likewise abided the judgment construing the will. They had no vital interest in the matter, but no doubt sufficient interest to be made parties defendant, in that the estate of William A. Maguire had to account to the successor trustees for the

property he was managing as trustee under the will. At first blush it might be thought that the subsequent proceeding (the one really involved here) was irregular, but we think not. These successor trustees made application to the court which was administering the trust for an order to sell 583 shares of the stock of the St. Louis Terra Cotta Company for $83,595.48. The 583 shares included 145 which had been received by way of stock dividends. There was a legal question as to whether or not these 145 shares was a part of the corpus of the estate. Under the construction of the will, which we have set out in full, supra, Marjorie O'Day (nee Marjorie Macdonald) was the life tenant, so to speak. She was entitled to the income thereof. Thus the question was sharply raised as to whether these 145 shares belonged to her or to the estate. The further construction of the will was to the effect that at the death of Marjorie Macdonald the corpus of the estate went to the children of Marjorie Macdonald and descendants of such children per stirpes. Marjorie Macdonald married Neil O'Day, and when these successor trustees asked the court for an order to sell these shares of stock, she had a child, the appellant herein. That this child had an interest in the disputed question of whether or not these 145 shares was corpus or income is quite clear. He was a living representative of a prospective class, and interested in having these stock dividends declared to be a part of the corpus of the estate, rather than income. The mother, interested in the income, took a proper course in having the child David Neil O'Day made a party, and in filing in the court administering the trust, and the court to which the trustees had applied for an order of sale, her claim as to these 145 shares. We conclude that the proceedings instituted by Marjorie O'Day's (nee Macdonald) petition of November 12, 1924, were regular and proper. The propriety of the court's action in granting a new trial we take next.

II. At the time the learned chancellor nisi sustained the motion for new trial filed by Marjorie O'Day (nee Macdonald), the status of stock dividends (as to whether or not they constituted corpus or income) had not been ruled in Missouri. Not until June 25, 1927, did this court in Hayes v. St. Louis Union Trust Co., 317 Mo. 1028, 298 S. W. 91, announce a Missouri rule, by adopting what has been called the Massachusetts rule. In the Hayes case, supra (317 Mo. l. c. 1043, 298 S. W. l. c. 97), this court, through ELLISON, C., tersely announced our view in these words:

"The three doctrines may be summed up by saying the Massachusetts rule considers the character of the dividend, the Pennsylvania rule the source of the dividend, and the Kentucky rule the

time of the dividend. In our opinion the first of these methods is more nearly correct.''

We had (317 Mo. 1. c. 1041, 298 S. W. 1. c. 96) previously and clearly stated the Massachusetts rule, thus:

''4. Under the Massachusetts rule, broadly stated, cash or property dividends belong to income and stock dividends to corpus. [17 R. C. L. 630.] The theory is that, in the case of cash and property dividends, there is an actual severance of the subject of the dividend from the corporate assets, whereas stock dividends involve only readjustments of the corporate structure, the corporate assets remaining the property of the corporation as fully as they were before.''

The evidence in this case tends to show actual earnings and assets out of which cash dividends could have been paid, and rightfully paid. By this we mean the money was there with which cash dividends could have been legitimately paid, had the corporation, through its proper officers, seen fit to order the same paid. It suffices to say that such kind of dividends was not ordered. On the contrary the order was for stock dividends. We can well see how the learned chancellor below who tried the case first ruled (as such ruling is indicated by the dismissal of Marjorie O'Day's claim to these 145 shares), that these stock dividend shares were corpus, and not income, and then the new chancellor, passing upon the motion for new trial afterward, concluded that some other rule was sounder in law, and therefore granted the new trial. In the absence of an express ruling in this State, and with other state rules differing from the Massachusetts rule pressed below, in this case, as they were pressed here in the Hayes case, supra, we can readily account for the then trial chancellor's action in granting a new trial, from which order the present appeal is taken. The question first presented is the propriety of that order, *nisi*. The chancellor trying the case and the chancellor ruling the motion for new trial had different views. We have no doubt about the correctness of our ruling in the Hayes case, supra. Neither trial chancellor had the benefit of our views, however. They were trying to determine, in the light of the divers cases from other jurisdictions, what was the better law, and what the Missouri rule should be. The two had different views as above indicated. This is not a case wherein there is a question as to the sufficiency of the evidence, or wherein there is the question as to whether there is any evidence upon which the plaintiff might recover if the order granting the new trial were affirmed. There is no dispute as to facts. It is purely a question of law. The question as to the weight of the testimony is not in the case. In cases wherein there is a question on the evidence, the rule is thus well stated in Fitzjohn v. St. Louis Transit Co., 183 Mo. 1. c. 78:

"The trial court has a discretion to grant one new trial, and this court will not interfere with its exercise of that discretion, however much it may disagree with that court upon such a ruling, where there is any substantial evidence to support it, unless the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed to stand."

However, the discretion must be a sound judicial discretion. [Skirvin v. McKamey, 237 S. W. l. c. 859; Sutter v. Met. St. Ry. Co., 188 S. W. l. c. 67, and cases therein cited.] But as we have indicated this is a case wherein there is involved purely a question of law. In granting the new trial the learned chancellor, *nisi*, was exercising his discretion (which must be a sound judicial discretion), but in the light of our ruling in the Hayes case, supra, it did not turn out to be a *sound judicial* discretion. It seems rather harsh to reverse his ruling, under the surroundings of this case, as we have pointed them out, supra, yet it would do no good to affirm his order granting the new trial. If there were a new trial, the same could result in but one ruling, i. e. that the complainant, Mrs. O'Day, was not entitled to the 145 shares of stock as income, but that the said stock was a part of the corpus of the estate. The Hayes case governs, and under that ruling his order granting a new trial was not the exercise of a sound judicial discretion.

The order is reversed, and the original judgment of the chancellor is reinstated. It is so ordered. All concur.